IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NASIR MUNTASER, #434-844

       Petitioner,   Case No. 3:05 CV 751

 -vs-

                MEMORANDUM OPINION
MARGARET BRADSHAW, Warden   AND ORDER

       Respondent.

KATZ, J.

**I. Background**

This matter is before the Court on Petitioner Nasir Muntaser's motion of February 2, 2007 for a new trial or to alter and amend judgment pursuant to Fed. R. Civ. P. 52 and 59. (Doc. 28.) The Court issued a memorandum opinion and order on January 24, 2007 denying Petitioner's writ of habeas corpus (Doc. 26-27), relying in part on the Report and Recommendation of the federal Magistrate (Doc. 19). Petitioner now asks this Court to amend its order and/or grant a new trial on the basis that this Court erred in applying a cause and prejudice standard to its review of Petitioner's claim of ineffective assistance of counsel and the Magistrate erroneously applied the law with regard to Petitioner's complaints about the jury instructions from Petitioner's state court trial.

**II. Standard of Review**

Rule 52(b) provides that, "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." FED.

R. CIV. P. 52(b). Rule 59 provides that, if a motion to alter or amend is filed within 10 days, "A new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." FED. R. CIV. P. 59(a),(e). Petitioner's motion is timely.

The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered. *Keweenaw Bay Indian Cmty. v. United States*, 940 F.Supp.1139, 1141 (W.D. Mich. 1996). Additionally, a party wishing to alter or amend a judgment may not "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rather than filing a Rule 59(e) motion, the proper action for a party seeking redress on issues previously litigated is to appeal. *Keweenaw Bay Indian Cmty.*, 940 F.Supp. at 1141; *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991).

**III. Discussion**

With regard to the ineffective assistance of counsel claim, this Court has reviewed its prior decision as well as the arguments raised by Petitioner, and has found that the Court's prior conclusion that Petitioner failed to make the required showing of ineffective assistance of counsel was correct. The Court stated, and herein restates, the two-step analysis for ineffective assistance of counsel claims:

2

> First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "If [Petitioner] could show that [he] received ineffective assistance of [] counsel that rose to the level of a violation of [his] Sixth Amendment rights, it would excuse [his] procedural default." *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  This Court, having evaluated the various arguments advanced by Petitioner, concluded that he failed to make the required showing of ineffective assistance of counsel.  His claim of ineffective assistance of counsel "is therefore itself procedurally defaulted and, since [Petitioner] has not shown cause and prejudice for that default, cannot serve as cause for [Petitioner's] procedural default on the underlying constitutional claims." *Seymour*, 224 F.3d at 550 (citing *Edwards v. Carpenter*, 529 U.S. 446 (2000)).

The Court should note, in addition, that Petitioner's claim was procedurally defaulted in the first instance, as described by the Magistrate, for lack of being presented in a direct appeal to the Ohio Supreme Court.  Report and Recommendation, Doc. 25 at 6-7.  Petitioner did not fairly present his claims of ineffective assistance of counsel on direct appeal to the Ohio Supreme Court at the first opportunity. *See State v. Muntaser*, 101 Ohio St.3d 1491, 805 N.E.2d 540, 2004-Ohio-1293 (Ohio Mar 24, 2004) (Case No. 2003-2197).  When a claim was, or could have been raised on direct appeal, it is barred under the doctrine of *res judicata*. *State v. Perry*, 10 Ohio St.2d 175 (Ohio 1967); *see also Norris v. Schotten*, 146 F.3d 314 (6th Cir. 1998); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).  Once barred by

*res judicata* in the state courts, a petitioner is required to show cause and prejudice for his default. The Court undertook this analysis in its Memorandum Opinion.

Finally, Petitioner's motion urges the Court to reconsider the determination of this Court and the Magistrate as to the jury instructions used during Petitioner's trial. The Court considers all the arguments raised with regard to the jury instructions to have been previously litigated and adequately addressed both in this Court's memorandum of law (Doc. 26) and in the Magistrate's Report and Recommendation (Doc. 19). The arguments were or should have been raised before the Magistrate and in the objections to the Magistrate's report already considered by the Magistrate and by this Court. Petitioner has shown neither a clear error of law, new evidence, nor a change in applicable law on this issue.

**IV. Certificate of Appealability**

This Court, having not already made a determination in this case as to a certificate of appealability pursuant to 28 U.S.C. § 2253, herein considers the issue.

The issuance of a certificate of appealability is not a matter of right. Such certificate may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). The statute codifies the standard set forth by the United States Supreme Court in *Barefoot v. Estelle,* 463 U.S. 880, 892-93 (1982), that "probable cause [for an appeal] requires something more than the absence of frivolity and that the standard is higher than the one of the 'good faith' requirement of [28 U.S.C.] § 1915." Obviously, the petitioner need not show that he should prevail on the merits. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are "adequate to deserve further encouragement to proceed further." *Id.*

4

In this case, Petitioner has raised several issues of constitutional import that warrant appellate consideration, including, but not limited to: the clarity of the jury instructions, procedural default, ineffective assistance of counsel as to the jury instructions, and ineffective assistance of counsel as to counsel's failure to seek a continuance during trial. It is the opinion of this Court that Petitioner is entitled to a certificate of appealability on these and other issues raised before this Court. Accordingly, a certificate of appealability pursuant to 28 U.S.C. § 2253 is granted. Furthermore, the Court also finds that an appeal from this decision could be taken in good faith under 28 U.S.C. § 1915(a)(3).

**V. Conclusion**

Petitioner's motion for a new trial or to alter or amend the Court's previous judgment is hereby denied. The Court grants a certificate of appealability pursuant to 28 U.S.C. § 2253 as to all issues raised by Petitioner.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE